IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS BOHANNA )<br>)<br>And )<br>)<br>JAMES BOHANNA )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE & ACCIDENT )<br>INSURANCE COMPANY, )<br>)<br>And )<br>)<br>SEARS LIFE INSURANCE COMPANY, )<br>)<br>And )<br>)<br>STONEBRIDGE LIFE INSURNACE )<br>COMPANY, )<br>)<br>    Defendants. ) | Cause No.: 4:11-CV-00899-DW |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs Thomas Bohanna and James Bohanna, by and through his attorneys of record, and for their cause of action against Defendant Hartford Life & Accident Insurance Company, Defendant Sears Life Insurance Company, and Defendant Stonebridge Life Insurance Company state as follows:

## PARTIES

1. Plaintiffs Thomas Bohanna and James Bohanna (hereinafter "Plaintiffs") are individuals and reside at 5222 Harris Avenue, Kansas City, Jackson County, Missouri 64133.

2. Defendant Hartford Life & Accident Insurance Company (hereinafter "Defendant Hartford") is an insurance corporation authorized to provide insurance in the State of Missouri.

Service can be obtained on Defendant Hartford by serving the Director, Department of Insurance, 301 West High Street, Room 530, Jefferson City, MO 65101.

3. Defendant Sears Life Insurance Company (hereinafter "Defendant Sears") is an insurance corporation authorized to provide insurance in the State of Missouri. Service can be obtained on Defendant Sears by serving the Director, Department of Insurance, 301 West High Street, Room 530, Jefferson City, MO 65101.

4. Defendant Stonebridge Life Insurance Company (hereinafter "Defendant Stonebridge") is an insurance corporation authorized to provide insurance in the State of Missouri. Service can be obtained on Defendant Stonebridge by serving the Director, Department of Insurance, 301 West High Street, Room 530, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in Missouri pursuant to § 478.070, RSMo. (2005), because Plaintiff is a resident of Missouri and Defendants are insurance corporations licensed to do business in Missouri.

6. Venue in this court is proper in that the incident giving rise to Plaintiff's cause of action occurred in Jackson County, Missouri.

## Count I

### Against Hartford Life & Accident Insurance Company

7. On or about April 1, 2006, Defendant Hartford issued Police Number ADD-12548 to Ida A. Bohanna, now deceased. Policy Number ADD-12548 was covering Ida A. Bohanna in the amount of $51,000.00.

8. On or about January 1, 2007, Defendant Hartford issued Policy Number ADD-10900 to Ida A. Bohanna, now deceased. Policy Number ADD-10900 was covering Ida A. Bohanna in the amount of $51,000 at the time of her death on March 27, 2010.

9. On or about January 1, 2008, Defendant Hartford issued Policy Number ADD-10917 to Ida A. Bohanna. Policy Number ADD-10917 was covering Ida A. Bohanna in the amount of $1,000.00.

10. During her lifetime, Ida A. Bohanna paid all premiums due on the policies issued by Defendant Hartfordand met all her contractual obligations under Policy Numbers ADD-12548, ADD-10900, and ADD-10917.

11. Plaintiffs are beneficiaries under the insurance policy.

12. On or about March 21, 2010, Ida A. Bohanna fell at her home and was taken to the hospital.

13. As a direct result of the fall on March 21, 2010, Ida A. Bohanna passed away on March 27, 2010.

14. The fall was covered by policies Policy Numbers ADD-12548, ADD-10900, and ADD-10917.

15. The death as a result from the fall triggered Defendant Hartford's obligation to pay benefits under policies ADD-12548, ADD-10900, and ADD-10917.

16. Plaintiffs delivered due notice and proof of death of Ida A. Bohanna to Defendant Hartford, in accordance with the requirements of the policy.

17. Defendant Hartford failed to respond to Plaintiffs' demand for payment under the policy limits.

3

Case 4:11-cv-00899-BCW   Document 55   Filed 04/04/12   Page 3 of 8

18. Under Policy Numbers ADD-12548, ADD-10900, and ADD-10917, Defendant Hartford had an obligation to pay the full $103,000.00 in benefits to the beneficiaries upon proof of the death of the insured Ida A. Bohanna.

19. Plaintiffs provided Defendant Hartford with notice and proof of the death of Ida A. Bohanna in accordance with the requirements of the policy.

20. Defendant Hartford has refused to pay any monies out of the accidental death policies.

21. Because Defendant Hartford has refused to pay, it has not met its contractual obligation.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendant Hartford on Count I for actual damages in an amount that is fair and reasonable for their costs and expenses incurred herein, and for such other relief as the court deems just and necessary.

## Count II

### Against Sears Life Insurance Company

22. Plaintiffs hereby incorporates the above paragraphs as though fully set forth herein.

23. On or about December 3, 2002, Defendant Sears issued Policy Number 64497113 to Ida A. Bohanna, now deceased. The accidental life insurance policy was covering Ida A. Bohanna in the amount of $50,000.00 at the time of her death on March 27, 2010.

24. During her lifetime, Ida A. Bohanna paid all premiums due on Policy Number 64497113 and met all her contractual obligations under Policy Number 64497113.

25. Plaintiffs are beneficiaries under the insurance policy.

26. On or about March 21, 2010, Ida A. Bohanna fell at her home and was taken to the hospital.

27. As a direct result from the fall on March 21, 2010, Ida A. Bohanna passed away on March 27, 2010.

28. The fall was covered by policies Policy Number 64497113.

29. The death as a result from the fall triggered Defendant Sear's obligation to pay benefits under Policy Number 64497113.

30. Plaintiffs delivered due notice and proof of death of Ida A. Bohanna to Defendant Sears, in accordance with the requirements of the policy.

31. On June 16, 2011, Defendant Sears issued Plaintiffs a denial letter stating it would not pay out monies from the accidental death policy.

32. Under Policy Number 64497113, Defendant Sears had an obligation to pay the full $50,000 of the accidental death policy to the beneficiaries upon proof of the death of the insured Ida A. Bohanna.

33. Plaintiff provided Defendant Sears with notice and proof of the death of Ida A. Bohanna in accordance with the requirements of the policy.

34. Defendant Sears has refused to pay any monies out of the accidental death policy.

35. Because Defendant Sears has refused to pay, it has not met its contractual obligation.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendant Sears Life Insurance Company on Count II for actual damages in an amount that is fair and reasonable for their costs and expenses incurred herein, and for such other relief as the court deems just and necessary.

## Count III

### Against Stonebridge Life Insurance Company

36. Plaintiffs hereby incorporates the above paragraphs as though fully set forth herein.

37. On or about July 23, 1992, Defendant Stonebridge issued Policy Number 74AD267655 to Ida A. Bohanna, now deceased. The accidental life insurance policy was covering Ida A. Bohanna in the amount of $30,000.00 at the time of her death on March 27, 2010.

38. During her lifetime, Ida A. Bohanna paid all premiums due on Policy Number 74AD267655 and met all her contractual obligations under Policy Number 74AD267655.

39. Plaintiffs are beneficiaries under the insurance policy.

40. On or about March 21, 2010, Ida A. Bohanna fell at her home and was taken to the hospital.

41. As a direct result of the fall on March 21, 2010, Ida A. Bohanna passed away on March 27, 2010.

42. The fall was covered by Policy Number 74AD267655.

43. The death as a result from the fall triggered Defendant Stonebridge's obligation to pay benefits under Policy Number 74AD267655.

44. Plaintiffs delivered due notice and proof of death of Ida A. Bohanna to Defendant Stonebridge, in accordance with the requirements of the policy.

45. On July 1, 2011, Defendant Stonebridge issued Plaintiffs a denial letter stating it would not pay out monies from the accidental death policy.

46. Under Policy Number 74AD267655, Defendant Stonebridge had an obligation to pay the full $30,000 of the accidental death policy to the beneficiary upon proof of the death of the insured Ida A. Bohanna.

47. Plaintiffs provided Defendant Stonebridge with notice and proof of the death of Ida A. Bohanna in accordance with the requirements of the policy.

48. Defendant Stonebridge has refused to pay any monies out of the accidental death policy.

49. Because Defendant Stonebridge has refused to pay, it has not met its contractual obligation.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendant Stonebridge Life Insurance Company on Count III for actual damages in an amount that is fair and reasonable for their costs and expenses incurred herein, and for such other relief as the court deems just and necessary.

Respectfully submitted,

THE LAW OFFICES OF
STEPHEN R. BOUGH

By /s/ Stephen R. Bough
    Stephen R. Bough, #46239
    M. Blake Heath, #61939
    917 W. 43rd Street, Suite 100
    Kansas City, MO 64111
    (816) 931-0048 Phone
    (816) 931-4803 Fax
    stephen@boughlawfirm.com
    blake@boughlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 4th day of April, 2012, a copy of the foregoing was served via the court's electronic filing system upon:

Patrick Kenney
Karrie Clinkingbeard
Armstrong Teasdale, LLP
7700 Forsyth Blvd. Suite 1800
Clayton, MO 63105

Richard Pautler
Thompson Coburn, LLP
One US Bank Plaza – 28th Floor
St. Louis, MO 63101