IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS BOHANNA | ) |
| | ) |
| And | ) |
| | ) |
| JAMES BOHANNA | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 4:11-cv-00899-DW |
| | ) |
| SEARS LIFE & ACCIDENT | ) |
|  INSURANCE COMPANY, et al. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANT SEARS LIFE INSURANCE COMPANY'S
<u>ANSWER</u>**

Defendant Sears Life Insurance Company ("Sears") for its Answer to Plaintiffs' Second Amended Complaint states as follows:

1. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the same.

2. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the same.

3. Sears admits that it is a corporation authorized to provide insurance products to residents of Missouri and that service may be obtained upon Sears by serving the Missouri Director of Insurance. All allegations not specifically admitted herein are denied.

4. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies the same.

5. For its answer to paragraph 5, Sears admits that this Court has subject matter jurisdiction over this matter. Sears is without knowledge or information to form a belief as to the truth of the allegations regarding the assertion "Plaintiff is the resident of Missouri." Sears does not even know to which plaintiff the allegation refers. All allegations not specifically admitted herein are denied. Sears disavows and withdrawals from the Joint Stipulation To Remand Between Plaintiff Thomas Bohanna and Defendant Sears Life Insurance Company (Dkt. # 17).

6. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

## Count I

Count I is not directed against Sears and seeks no relief from Sears so that Sears need not respond to the allegations in Count I. To the extent any response is required to paragraphs 7 through 21, Sears states that it is not familiar with the terms of the Hartford policies or the circumstances surrounding the Hartford policies, or what claims, if any, Plaintiffs made to Hartford so that Sears is without sufficient knowledge or information regarding the allegations against Hartford and therefore denies the same.

## Count II

22. For its answer to paragraph 22, Sears adopts and incorporates its answers to paragraphs 1 through 21.

23. For its answer to paragraph 23 Sears admits that it issued a Certificate of Accidental Death Insurance, Certificate No. 2222297709357 to Ida Bohanna effective December 3, 2002 ("the Certificate"). All allegations not specifically admitted herein are denied.

24. Sears admits that premiums were paid in connection with the Certificate; otherwise, is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27. Sears denies the allegations in paragraph 27.

28. Sears denies the allegations in paragraph 28.

29. Sears denies the allegations in paragraph 29.

30. For its answer to paragraph 30, Sears admits that Thomas Bohanna submitted a certificate of death for Ida Althea Bohanna, which death certificateadvised that the cause of death was pneumonia and sepsis. All allegations not specifically admitted herein are denied.

31. For its answer to paragraph 31, Sears states that it sent a letter dated June 16, 2011 to M. Blake Heath, as attorney for Thomas Bohanna, stating, in part, "In review of your statement, we find no evidence that the fall caused the death of the insured, Ida A. Bohanna. Please furnish us with additional evidence of such." Further answering paragraph 31, Sears states that it sent a follow-up letter to M. Blake Heath on July 19, 2011 and stated, "In our review of the claim file we found no evidence that the fall caused the death of the insured, Ida A. Bohanna. Please furnish us with additional evidence of such." All allegations not specifically admitted are denied.

32. Sears denies the allegations in paragraph 32.

33. For its answer to paragraph 33, Sears admits that Thomas Bohanna submitted a certificate of death for Ida Althea Bohanna, which death certificate advised that the cause of death was pneumonia and sepsis. All allegations not specifically admitted herein are denied.

34. For its answer to paragraph 34, Sears admits that Thomas Bohanna failed to respond to the June 16, 2011 or the July 19, 2011 letters referenced in paragraph 31. All allegations not specifically admitted herein are denied.

35. Sears denies the allegations in paragraph 35.

**Defenses**

1. Plaintiffs are not entitled to any recovery because Ida Althea Bohanna's death was caused by disease or bodily or mental infirmity.

2. Plaintiffs are not entitled to any recovery because Ida Althea Bohanna's death was not independent of all other causes separate and apart from any alleged accident.

3. Plaintiffs are not entitled to any recovery because they failed to comply with all conditions precedent particularly their obligation to provide the necessary proof of loss due to death resulting directly from bodily injury independent of all other causes.

WHEREFORE, having fully answered Count II, Sears prays that the Court dismiss Count II, with prejudice, and that it grant such further and other relief to Sears as is appropriate.

**Count III**

Count III is not directed against Sears and seeks no relief from Sears so that Sears need not respond to the allegations in Count III. To the extent any response is required to paragraphs in Count III, Sears states that it is not familiar with the terms of the Stonebridge policy or the circumstances surrounding the Stonebridge policy, or what claims, if any, Plaintiffs made to

Stonebridge so that Sears is without sufficient knowledge or information regarding the allegations against Stonebridge and therefore denies the same.

                **THOMPSON COBURN LLP**

              By:   */s/ Richard J. Pautler, Esq*
                   Richard J. Pautler
                   One US Bank Plaza – 28th Floor
                   St. Louis, MO 63101
                   (314) 552-6470
                   (314) 552-7470 (fax)
                   rpautler@thompsoncoburn.com
           Attorneys for Defendant Sears Life Insurance Company

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 12th day of April, 2012 a copy of the foregoing was served via the court's electronic filing system upon:

| | |
|---|---|
| Stephen R. Bough | Patrick Kenney |
| M. Blake Heath | Armstrong Teasdale LLP |
| 917 W. 43rd Street | 7700 Forsyth Blvd. Suite 1800 |
| Suite 100 | Clayton, MO 63105 |
| Kansas City, MO 64111 | |

                        */s/ Richard J. Pautler*